IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| BRAYAN DANIEL GRATERON ALMEIDA,<br>Plaintiff,<br>v.<br>PAMELA J. BONDI et al,<br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**<br>Case No. 2:26-cv-00049-AMA-DAO<br>Judge Ann Marie McIff Allen<br>Magistrate Judge Daphne A. Oberg |

Before the Court is the Motion to Dismiss ("Motion") brought by Defendants Pamela J. Bondi and Executive Office for Immigration Review ("EOIR") (collectively "Defendants"), filed on May 22, 2026.[1] The Motion is fully briefed.[2] The Court has carefully reviewed the Complaint, all briefing on the Motion, and the relevant legal authorities. For the reasons further explained below, the Court hereby GRANTS Defendants' Motion to Dismiss.

**BACKGROUND**

Plaintiff was denied asylum in his immigration case by an Immigration Judge who indicated in the decision that he lacked authority to invalidate governing statutes or regulations and that some of the legal issues raised by Plaintiff could only be addressed on appeal.[3] Plaintiff subsequently intended to challenge that decision via a motion to reconsider and an appeal to the BIA.[4] Under the new fee structure imposed by *One Big Beautiful Bill Act* ("OBBBA"), each of

[1] Dkt. No. 17.
[2] Dkt. Nos. 17, 18, & 19.
[3] Dkt. No. 1 at ¶¶ 47–48.
[4] *Id.* at ¶ 49.

these forms of review required separate, substantial filing fees ($1,010 each).[5] Unable to simultaneously afford both the appeal and a motion to reconsider before the applicable deadlines, Plaintiff abandoned the motion to reconsider and pursued only the appeal.[6] EOIR regulations permit fee waiver requests, but Plaintiff did not pursue one for either filing fee.[7] Filing of a waiver request does not toll jurisdictional deadlines for applications, appeals, or motions, so denial or delayed adjudication of a waiver could result in forfeiture of statutory appeal rights.[8] Plaintiff contends that a "constitutional right of access to adjudication cannot depend on the uncertain outcomes of a discretionary waiver process."[9]

Plaintiff challenges the constitutionality of immigration-related fee increases implemented as part of the OBBBA.[10] He seeks declaratory and injunctive relief on behalf of himself and a class of all noncitizens in removal proceedings before the EOIR who are subject to immigration court filing fees for relief, appeals, or post-decision motions and who cannot pay such fees.[11] In Exhibit 1 of the Complaint, Plaintiff lists eleven immigration fees increased by the OBBBA, including the filing fees for an appeal and a motion to reconsider, the only two which impacted Plaintiff.[12] Plaintiff brings three causes of action: (1) equal protection (substantial financial barriers on access to adjudication that apply only to noncitizens); (2) due process (substantial financial barriers on access to adjudication with life, liberty, property implications), (3) access to justice ("conditioning

---

[5] Dkt. No. 1–1.
[6] Dkt. No. 1 at ¶ 53.
[7] *Id.* at ¶¶ 10, 108.
[8] *Id.* at ¶ 10.
[9] *Id.*
[10] Dkt. No. 1.
[11] *Id.* at ¶ 28.
[12] Dkt. No. 1–1.

access to adjudication on wealth, the challenged fee scheme renders the statutory review process illusory for indigent noncitizens and undermines the constitutional guarantee of access to justice”).[13]

The government argues for complete dismissal of the claims for following reasons: (1) Plaintiff lacks standing to challenge all immigration fees increased under the OBBBA because he alleges an injury caused by only two types of fees (only for a motion to reconsider and for an appeal, not each type of fee listed in Exhibit 1 of the Complaint);[14] (2) Plaintiff lacks standing to challenge even those two fees because his injury was self-inflicted and not fairly traceable;[15] (3) OBBBA immigration fees survive rational basis review;[16] and (4) noncitizens have no constitutional due process right to interagency appeals.[17]

Plaintiff concedes that he was directly injured by only the two fees for an appeal and a motion to reconsider but contends that his injuries caused by these two fees are concrete, particularized, and traceable to Defendants’ conduct.[18] He also argues that the fact that EOIR offers fee waivers does not break the causal chain because the application process is discretionary, does not toll filing deadlines, and creates a risk that an indigent litigant may lose important rights while awaiting adjudication of the waiver request.[19]

The Court agrees that Plaintiff lacks Article III standing to bring his claims and dismisses his case for the reasons outlined below.

[13] Dkt. No. 1.
[14] Dkt. No. 17 at 7–8.
[15] *Id.* at 8–9.
[16] *Id.* at 9–14.
[17] *Id.* at 14–16.
[18] Dkt. No. 18 at 4, 11.
[19] *Id.* at 8–11.

## LEGAL STANDARDS

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* When determining the sufficiency of a complaint's allegations, a court must accept all well-pleaded allegations as true and grant all reasonable inferences in the plaintiff's favor. *Wyoming v. United States Dep't of Interior*, 839 F.3d 938, 942 (10th Cir. 2016). But "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In addition, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

A Rule 12(b)(1) motion to dismiss may take the form of "a facial attack on the complaint's allegations as to subject-matter jurisdiction" by "question[ing] the sufficiency of the complaint." *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995), *abrogated on other grounds by Central Green Co. v. United States*, 531 U.S. 425 (2001). When "reviewing a facial attack on the complaint, a district court must accept the allegations in the complaint as true." *Id.*

## DISCUSSION

"[S]tanding is an essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). The "irreducible constitutional minimum" of standing consists of three elements. *Id.* A plaintiff "must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016)

(citing *Lujan*, 504 U.S. at 560–651). "[S]tanding is not dispensed in gross; rather, plaintiffs must demonstrate standing for each claim that they press and for each form of relief that they seek (for example, injunctive relief and damages)." *Utah Physicians for a Healthy Env't v. Diesel Power Gear, LLC*, 21 F.4th 1229, 1248 (10th Cir. 2021) (quoting *TransUnion LLC v. Ramirez*, 594 U.S. 413, 431 (2021)).

An injury in fact must be (1) concrete, (2) particularized, and (3) actual or imminent. *Hutchinson v. Pfeil*, 211 F.3d 515, 521 (10th Cir. 2000). "An injury is 'concrete' if it 'actually exist[s]' and is 'real' rather than 'abstract.'" *Santa Fe All. for Pub. Health and Safety v. City of Santa Fe*, 993 F.3d 802, 813 (10th Cir. 2021) (quoting *Spokeo*, 578 U.S. at 339; *see also*, *Lujan*, 504 U.S. at 560). "For an injury to be 'particularized,' it 'must affect the plaintiff in a personal and individual way.'" *Id.* (quoting *Spokeo*, 578 U.S. at 339; se*e also*, *Lujan*, 504 U.S. at 560). "An injury is "imminent" if it is "certainly impending." *Id.* (quoting *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013)). A "profession of an 'inten[t]'" to engage in a course of conduct "is simply not enough." *Lujan*, 504 U.S. at 564. "Such 'some day' intentions—without any description of concrete plans, or indeed even any specification of when the some day will be— do not support a finding of [an] 'actual or imminent' injury[.]" *Id.* To find otherwise would render an injury too "remote, speculative, conjectural, or hypothetical" to be actual or imminent. *Brady Campaign to Prevent Gun Violence v. Brownback*, 110 F. Supp. 3d 1086, 1093 (D. Kan. 2015).

For an injury in fact to be fairly traceable, "there must be a causal connection between the injury and the conduct complained of[.]" *Lujan*, 504 U.S. at 560. Likewise, the alleged injury must not be "th[e] result [of] the independent action of some third party not before the court." *Id.* (citation omitted). "[I]ndirectness of injury, while not necessarily fatal to standing, 'may make it

substantially more difficult to meet the minimum requirement of Art. III[.]" *Simon v. E. Ky. Welfare Rts. Org.*, 426 U.S. 26, 44–45 (1976) (quoting *Warth v. Seldin*, 422 U.S. 490, 505 (1975)). However, a plaintiff will fail to establish a fairly traceable injury where "[s]peculative inferences are necessary to connect their injury to the challenged actions of [defendants]." *Id.* at 45.

## I. PLAINTIFF LACKS STANDING TO CHALLENGE ALL IMMIGRATION FEES INCREASED UNDER THE OBBBA.

Plaintiff's theory of standing is based on an alleged injury—his inability to pay two EOIR fees simultaneously—caused by the OBBBA increasing EOIR fees. Plaintiff seeks sweeping relief in this case, asking the Court to "[d]eclare that the immigration court filing fee increases enacted in 2025, as applied to applications for relief, appeals, and post-decision motions before the Executive Office for Immigration Review, violate the Equal Protection component of the Fifth Amendment, the Due Process Clause, and the Constitution's guarantee of meaningful access to justice" and are "unconstitutional on their face and as applied to Plaintiff and all members of the Class and Subclasses."[20]

A plaintiff cannot challenge a program which does not affect or harm him. *See Santa Fe All.*, 993 F.3d at 813. And while an injury may be prospective, a plaintiff must concurrently allege a description of concrete plans that would render such an injury imminent. *Id.* (citing *Lujan*, 504 U.S. at 564). Nor may standing be dispensed with in gross. *See Utah Physicians*, 21 F.4th at 1248 (citing *TransUnion LLC*, 594 U.S. at 431).

Here Plaintiff takes issue with two fees that "forced¶ [him] to abandon one avenue of relief solely due to inability to pay," but fails to explain how he was injured by any of the nine other fees

[20] Dkt. No. 1 at 32–33 (Compl. Prayer for Relief ¶ B).

listed in his exhibit, or even allege that he planned to pursue them.[21] Plaintiff's injury by one fee, or even two, within the EOIR system does not give him blanket standing to challenge any fee with that system without an "actual" injury tied to that particular additional fee. *See Santa Fe All.*, 993 F.3d at 813.

Plaintiff requests that the Court not dismiss his challenge to the other nine fees because they may injure unnamed prospective class members.[22] Plaintiff asserts that "federal courts routinely distinguish between a named plaintiff's standing and the separate inquiry concerning the scope of classwide relief," but he provides no legal authority to support this assertion.[23] Our precedent requires "[t]o have standing to sue as a class representative it is essential that a plaintiff . . . be a part of that class, that is, he must possess the same interest and suffer the same injury shared by all members of the class he represents." *Schlesinger v. Reservists Comm. to Stop the War*, 418 U.S. 208, 216 (1974); *see also Rector v. City of Denver*, 348 F.3d 935, 949 (10th Cir. 2003). Plaintiff fails to satisfy this requirement for the other nine fees because those challenged fees, ranging from asylum applications and annual asylum fees to adjustment of status requests and cancellations of removal, implicate different procedural requirements, factual circumstances, potential injuries, and statutory and constitutional rights.[24] Uninjured by any of those nine, Plaintiff cannot share that injury with any potential class members.

[21] Dkt. No. 1 at ¶¶ 7, 107.
[22] Dkt. No. 18 at 12.
[23] *Id.*
[24] Dkt. No. 1–1.

Therefore, Plaintiff's claims involving any of the immigration fees beyond the two associated with the avenues of relief which he alleges to have considered are dismissed under FRCP 12(b)(1).

## II. PLAINTIFF LACKS STANDING TO CHALLENGE THE TWO IMMIGRATION FEES WHICH HE DID CONSIDER BECAUSE THE INJURY IS SELF-INFLICTED.

A self-inflicted injury is not legally cognizable. *State v. U.S. Env't Prot. Agency*, 989 F.3d 874, 888 (10th Cir. 2021). *See also Pennsylvania v. New Jersey*, 426 U.S. 660, 664 (1976) ("No [party] can be heard to complain about damage inflicted by its own hand."). Self-inflicted injuries sever the causal chain between a purported injury and a defendant's conduct. *Nova Health Sys. v. Gandy*, 416 F.3d 1149, 1156 n.8, 1158 (10th Cir. 2005). A plaintiff's alleged injury is "self-inflicted" when there is "an easy means for alleviating the [injury]," but the plaintiff "has *chosen* to remain in the lurch." *Nat'l Fam. Plan. & Reprod. Health Ass'n, Inc. v. Gonzales*, 468 F.3d 826, 831 (D.C. Cir. 2006) (emphasis in original). "A self-inflicted injury does not qualify as an injury in fact if it is based on a fear of hypothetical future harm that is not certainly impending." *Gormly v. City of Rio Rancho*, No. CV 20-00719 JCH/JHR, 2021 WL 1178626, at *1 (D.N.M. Feb. 9, 2021) (citing *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 416 (2013)). *See also Colorado v. U.S. EPA*, 989 F.3d 874, 888 (10th Cir. 2021) (explaining a self-inflicted injury breaks the causal chain between an injury and a defendant's conduct).

Plaintiff's injury, his inability to pursue both desired avenues of review because of the increased costs, may be concrete and particularized, but his failure to apply for a fee waiver breaks the causal chain and makes the injury self-inflicted. Plaintiff acknowledges that EOIR fee waivers were available for any of the "prohibitive filing fees" which he challenges but elected to not apply

for one for either his appeal or the Motion to Reconsider which he declined to file.[25] Plaintiff had a clear means of alleviating his alleged injury—applying for a waiver—but declined to remedy his injury based on a hypothetical fear of future harm—the possible risk of forfeiting his appeal. He fails to allege why he had insufficient time to pursue a waiver or how specifically he would have lost his rights entirely should he have chosen to pursue one. By failing to apply for a fee waiver for either of his possible avenues of relief, Plaintiff asks the Court to speculate as to the outcome of a fee waiver application. Even assuming Plaintiff is correct that the process is discretionary and that deadlines would not toll, because Plaintiff never even attempted to apply, there is no certainty that he would not have received the waiver, that it would have been too late to file if he did, or that he would have forfeited his ability to file a Motion to Reconsider any more than he did by electing not to apply for the waiver and still not filing the Motion to Reconsider. Therefore, Plaintiff's injury is not fairly traceable to Defendants' conduct.

Based on the foregoing, Plaintiff lacks standing to challenge the constitutionality of the OBBBA fee increases, and his claims against Defendants are dismissed.

**ORDER**

Having considered the parties' briefs and the relevant law, the Court GRANTS Defendants' Motion to Dismiss [ECF No.17]. The Complaint is dismissed in its entirety with prejudice. No further Order is necessary as to this matter.

---

[25] Dkt. No. 1 at ¶¶ 10, 108–10, 131–33.

Dated this 17th day of November 2026.

By the Court:

Ann Marie McIff Allen
United States District Judge